Sunnybrook Gardens Owners, Inc. v Singh (2023 NY Slip Op 23359)

[*1]

Sunnybrook Gardens Owners, Inc. v Singh

2023 NY Slip Op 23359

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-872 W C

Sunnybrook Gardens Owners, Inc., Respondent, 
against
Vijay Singh, Appellant. 

Vijay Singh, appellant pro se.
Eckert, Seamans, Cherin & Mellott, LLC (Timothy P. Coon of counsel), for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Daniel P. Romano, J.), entered October 3, 2022. The order denied respondent's motion "for restitution in the form of restoration to the premises" following dismissal of the petition in a summary proceeding brought pursuant to RPAPL 713 (11).

ORDERED that the order is reversed, without costs, and the matter is remitted to the City Court for a new determination of respondent's motion for restitution in the form of restoration, following joinder of the new tenant in possession, if any, and service upon the new tenant of a copy of respondent's motion for restitution. 
Petitioner commenced this RPAPL 713 (11) proceeding alleging that respondent "entered into possession of the Premises as an incident of his employment" and his employment had been terminated. At a nonjury trial, respondent testified that he had been a rent-stabilized tenant prior to his employment by petitioner. In a final judgment entered August 16, 2019, the City Court awarded petitioner possession and respondent appealed. In a decision and order dated April 28, 2022, this court reversed the final judgment and remitted the matter to the City Court for the entry of a final judgment dismissing the petition (Sunnybrook Gardens Owners, Inc. v Singh, 75 Misc 3d 129[A], 2022 NY Slip Op 50379[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). This court found that, as "petitioner failed to establish, prima facie, that [respondent] had [*2]obtained possession as an incident to his employment, the judgment should be reversed and the petition dismissed" (id. at *1).
By motion dated July 14, 2022, respondent, pro se, moved in the City Court "for an Order for restitution in the form of restoration to the premises." In an order dated October 3, 2022, the City Court denied respondent's motion on the ground that restoration was not permitted in this proceeding because respondent had vacated without having been "evicted by a marshal pursuant to a judgment or an order." 
Courts have restoration authority in this situation (see CPLR 5015 [d]; 5523; Hegeman Asset LLC v Smith, 5 Misc 3d 8 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). Respondent lost an interest in real property—the right to possession—when the final judgment was originally entered in petitioner's favor. CPLR 5015 (d) authorizes a trial court and CPLR 5523 authorizes an appellate court, under appropriate circumstances, to order "restitution of property or rights lost by the judgment" (CPLR 5523; see CPLR 5015 [d] [permitting a trial court to "direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal" pursuant to CPLR 5523]). Contrary to the City Court's determination, CPLR 5015 (d) does not limit the restitution power to instances in which an enforcement mechanism, such as execution of a warrant of eviction, has been utilized, and neither does CPLR 5523 (see Birchwood Ct. Owners, Inc. v Toner, 51 Misc 3d 133[A], 2016 NY Slip Op 50467[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016] [restoring the tenant to possession, pursuant to CPLR 5523, after tenant vacated the premises subsequent to the landlord being awarded a final judgment, but before execution of the warrant of eviction]). Thus, the basis for the City Court's denial of respondent's motion is without merit. We note that, here, petitioner has not sufficiently established that respondent's vacatur was for reasons other than his loss of rights by virtue of the final judgment prior to its reversal. 
To the extent that this court, without applying CPLR 5015 (d) and 5523, held in Triangle Props. #14, LLC v Beauty Salon Depot/Beauty U.S.A. (29 Misc 3d 132[A], 2010 NY Slip Op 51901[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]) that there was no restoration authority in a nonpayment proceeding where the tenants "were not removed pursuant to a judgment or order of the court," that case should no longer be followed. 
Consequently the matter must be remitted to the City Court for a new determination of respondent's motion following respondent's joinder of the new tenant in possession, if any (see 125 Ct. St., LLC v Nicholson, 214 AD3d 723, 727 [2023]; Eight Assoc. v Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]).
Accordingly, the order is reversed and the matter is remitted to the City Court for a new determination of respondent's motion for restitution in the form of restoration, following joinder of the new tenant in possession, if any, and service upon the new tenant of a copy of respondent's motion for restitution.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023